# Exhibit 1

Case 4:24-cv-03841   Document 1-1   Filed on 10/09/24 in TXSD   Page 2 of 13

10/1/2024 1:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 92629141
By: Monica Jackson
Filed: 10/1/2024 1:19 AM

CAUSE NO. _____

| | | |
|---|---|---|
| KARINA F. JAMES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED, Plaintiff | § § § § § § § § § | IN THE JUDICIAL DISTRICT |
| v. | § § § § § | DISTRICT COURT NO.\_\_\_\_\_ |
| AIRBNB, INC., AIRBNB PAYMENTS, INC., AND MARTINE, Defendants | § § § § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff **Karina F. James, Individually and as Personal Representative of the Estate of Almarn James Downes, Deceased** ("Plaintiff"), complaining of **Airbnb, Inc., Airbnb Payments, Inc., Airbnb LLC** (collectively, "Airbnb") and **Martine** ("Host") (together, "Defendants"), and files this Original Petition and Jury Demand, and respectfully shows the Court the following:

I.

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, and hereby motion this Court to issue a discovery control plan tailored expeditiously, given the gravity of this case. *See* TEX. R. CIV. P. 190.4. Plaintiff, Karina F. James, who resides in London, United Kingdom brings this suit individually, and on behalf of the family of the deceased and she may be reached through the undersigned counsel at THE LAW OFFICE OF OSAYUKI OGBEIDE, UNITAT LLC.

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                                              1

## II.

## PARTIES

2. **Plaintiff Karina F. James** is the mother of Almarn James Downes, Deceased, and is an individual residing at **88 Rabournemead Drive, UB5 6YI, London, United Kingdom.** Plaintiff brings this suit individually and as the personal representative of the Estate of Almarn James Downes, Deceased.

3. **Defendant Airbnb, Inc.** is a foreign corporation registered to do business in Texas and conducts a substantial amount of business in Texas on a continuous and systematic basis. This defendant maintains no registered agent in Texas and is a nonresident under the Texas long-arm statute. Therefore, the agent for service of process on this defendant is the Texas Secretary of State. Per TEX. CIV. PRAC. & REM. CODE § 17.044, this defendant may be served via the Texas Secretary of State, Service of Process, Secretary of State, 1019 Brazos Street, Austin, TX 78701.

4. **Defendant Martine** is an individual and owner/host of the Airbnb property located at **3411 Bremond Street, Houston, Texas 77004.** Defendant may be served at this location.

5. **Defendant, Airbnb Payments, Inc.**, is a foreign corporation registered to do business in Texas and conducting a substantial amount of business in Texas on a continuous and systematic basis. This defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. *Plaintiffs request a citation*.

6. Plaintiffs additionally assert all rights and request all relief under Texas Rule of Civil Procedure 28 and demand that this defendant answer in its true name, if it differs from that outlined above.

## III.

## JURISDICTION & VENUE

7. Plaintiff seeks monetary relief over $10 Million Dollars **($10,000,000.00).** This Court has jurisdiction of the subject matter of this action, and the amount in controversy is above its minimum

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                                        2

jurisdictional limits. All other jurisdictional prerequisites and conditions precedent to suit have been met.

 a. The wrongful death occurred in **Houston, Harris County**, Texas, so the venue is appropriate in **Harris County District Court**.

8. This Court has personal jurisdiction over Defendant(s) because all or a substantial part of the events giving rise to this dispute occurred in the State of Texas, and this lawsuit arises out of a tort Defendant(s) committed in the State of Texas. This Court otherwise has personal jurisdiction over Defendant(s) because they are citizens of Texas, conduct a substantial amount of business in the State of Texas, and/or have continuous, systematic contacts with the State of Texas.

9. Texas courts can exercise **personal jurisdiction** over Airbnb and its affiliates since they conduct significant business in Texas and the alleged wrongful death occurred within the state.

10. Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 because Harris County is where a substantial part of the events giving rise to this suit occurred Further, Harris County is a convenient forum and venue to Defendant(s), maintaining this litigation in this forum would not work a substantial injustice on Defendant(s), and the interests of justice dictate that this litigation be maintained in this forum and venue.

 b. This case cannot be removed to federal court because no federal question exists, and diversity does not exist between the parties. *See* 28 U.S.C. § 1441.

## IV.
## FACTUAL BACKGROUND

11. This is tragic case that arises from Defendants' gross negligence and decision to value profits over human life—which caused the death of Almarn James Downes and made it extremely difficult to conduct a viable criminal investigation.

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** 3

12. Defendants, Airbnb, Inc. and Airbnb Payments, Inc. ("Airbnb Defendants"), are for-profit corporations in the business of facilitating, overseeing, managing, and profiting from rentals of properties between owners (known as "hosts") and renters. On information and belief, at all relevant times, these Defendants were engaged in a joint enterprise under all applicable law.

13. The Airbnb Defendants provide and use a digital "platform" to connect the hosts and renters via a smart device app and a website. Hosts pay Airbnb money to list rental properties on the platform and further pay other transactional costs associated with actual rentals. This includes, but is not limited to, insurance coverage payments ($1 million liability coverage) and access to a "24-hour safety line" designed to provide "top-to-bottom protection for Hosts." The Airbnb Defendants further promulgate strict rules and regulations governing the rental properties, including those that relate to safety.

14. **Almarn James Downes**, born May 3, 1997, a 27-year-old British citizen, traveled to Houston, Texas, in May 2024 for a vacation and to explore his relocation plans. He rented an Airbnb property located at **3411 Bremond Street, Houston, Texas 77004 (location of incident)**, owned by Defendant **Martine** and listed on the Airbnb platform. The Airbnb renter may have been listed as a different name, however, at all times, Mr. Downes contributed to the rental costs or was specifically invited to the Airbnb property to congregate with his peers to pursue their vacation plans.

15. On **May 27, 2024**, at approximately **4:35 AM**, Almarn James Downes was brutally shot and killed at the Airbnb property during an attempted burglary according to investigative reports. The Houston Police Department Homicide Division, led by **Detective Sergeant M. Arrington ("Detective")**, confirmed the death of Almarn James Downes. The Detective confirmed the lack of security measures led to Almarn's demise. The Airbnb Host failed to use the "24-hour safety line" to mitigate the risk of harm or aid in the criminal investigation.

16. At the time of the shooting, there were approximately 25 individuals present at the Airbnb property (location of incident), in violation of Houston's occupancy limits and Airbnb's policies against large

<u>PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND</u>                                         4

gatherings and events. The property is located in a high-crime area known for frequent burglaries and violent crime.

17. The Host "Martine", represents to the public at large their experience and expertise in the property rental business, stating they own and operate the property located at 3411 Bremond Street in Houston, Texas 77004[1].

18. Plaintiff was an invitee to the Airbnb property, which was publicly listed for rental on the Airbnb platform. At all relevant times, and pleading additionally and alternatively, the Airbnb Defendants were acting as agents of the Host "Martine" for the management, maintenance, care, representations, rental, advertisement, and health and safety of the subject residential property transacted for short-term rental property services.

19. At all relevant times, and pleading additionally and alternatively, the Host Defendants' actions lacked such ordinary care as to the plaintiff

20. Plaintiffs incorporate all other paragraphs by reference here fully.

   i. Plaintiffs would show that Defendants, Airbnb, Inc., **Airbnb LLC,** and/or Airbnb Payments, Inc. (the "Airbnb Defendants") had ownership and/or control over the premises, instrumentality, and/or activity in question and thus had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm under circumstances similar to those described herein.

   ii. The property failed to meet basic safety standards. The front security camera was defective, the lighting was inadequate, and the fence surrounding the property was easily scalable, allowing intruders to enter and ultimately inflict serious, if not fatal harm onto the renters and visitors present at the Airbnb Property.

   iii. Defendants **Airbnb and Host "Martine"** failed to provide adequate security measures, violating Houston's safety regulations and Airbnb's internal safety guidelines. These failures directly and

---

[1] https://www.airbnb.co.uk/rooms/1130494156711776011?check_our=2024-07-

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                                                            5

proximately caused the death of Almarn James Downes. Leaving the family of the deceased helpless upon receiving notice of this tragic incident.

iv. As a result of defendants' reckless decision to maximize profits by foregoing basic safety practices, the family of Almarn, in particular Almarn's mother had to endure the unimaginable pain of losing her son, while he was in a foreign jurisdiction, making communication, access to information, and compensation for the family extremely difficult. Plaintiffs have been damaged far in excess of the jurisdictional minimum of this Court, for which they now sue.

## V.
## CAUSES OF ACTION

**NEGLIGENCE**

21. Defendants owed a duty of care to provide a safe and secure environment for paying guests, invited guests and/or any reasonably foreseeable visitor, including Almarn James Downes that could have been present at the Airbnb Property location in question. Defendants breached that duty by failing to:

- Install and maintain functional security cameras;
- Provide adequate lighting;
- Install and secure, anti-climb fence;
- Enforce Airbnb's safety guidelines for properties in high-crime areas.

    a. Defendants knew or should have known about the high-crime rate in the area, specifically for Burglaries and the foreseeable risk of harm to guests. Their failure to take reasonable safety precautions constitutes negligence, directly causing Almarn James Downes' wrongful death.

**PREMISES LIABILITY**

22. Defendants had control over the condition of the premises and failed to make the property safe for invitees like Almarn James Downes. This failure resulted in an unsafe environment that led to his death.

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                                                                           6

23. Under **Texas premises liability law**, property owners must take reasonable precautions to protect invitees from foreseeable harm, especially in high-crime areas.

24. Plaintiff(s) would show that their injuries and damages were proximately caused by the breaches of those duties by Defendants, which include, but are not limited to, the following acts and/or omissions: Failing to adequately warn of, or fix and correct, unreasonably dangerous conditions of which Defendants had actual or constructive knowledge thereof;

   a. Failing to recognize and remediate hazards associated with safe maintenance, use of property;

   b. Undertaking and assuming a duty to make safe dangerous conditions on the premises, and failing to use reasonable care in doing so;

   c. Undertaking and assuming a duty to develop, implement, and enforce effective polices and procedures for safety at the premises, and failing to use reasonable care in doing so, to the detrimental reliance of Plaintiff and others;

   d. Creating a dangerous condition and failing to prevent injury or fatal injury to others, where it reasonably appeared or should have appeared to Defendant that Plaintiffs, in exercise of their lawful rights, were likely to have been injured by creation of such dangerous situation, and failing to correct, make safe, or adequately warn about this condition;

   e. Violating industry standards and best practices for safety measures, property maintenance, and short-term rental property operation;

   f. Failing to properly hire, train, supervise, monitor and retain its employees, contractors, and agents;

   g. Failing to act as an ordinarily prudent person would under the same or similar circumstances;

   h. Such other and additional acts and omissions of negligence and gross negligence as revealed in discovery of this case.

<u>**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**</u>                                                                 7

25. Plaintiffs further assert the doctrine of *res ipsa loquitur*.

26. Plaintiffs further allege that the acts or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs and others.

**GROSS NEGLIGENCE**

27. Plaintiffs would further show that the fatal injuries and damages that Plaintiffs sustained as a result of the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers and representatives in the course and scope of their employment for said Defendants. Plaintiffs would further show that Defendants ratified and failed to repudiate their agents' gross negligence.

28. Defendants' actions and omissions demonstrate a conscious disregard for the safety of guests. The lack of adequate security in a known high-crime area, combined with defective safety measures, constitutes gross negligence. Defendants' grossly negligent actions warrant the imposition of punitive damages under **Chapter 41 of the Texas Civil Practice & Remedies Code.**
    i. As such, Defendants are grossly negligent and should be subjected to exemplary damages.
    ii. Plaintiffs incorporate all other paragraphs by reference here fully.

**WRONGFUL DEATH**

29. Under **Chapter 71 of the Texas Civil Practice & Remedies Code**, Plaintiff brings a wrongful death action on behalf of herself and the Estate of Almarn James Downes. Plaintiff seeks compensation for the mental anguish, loss of companionship, and emotional and financial support that the deceased would have provided.

<u>**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**</u>　　　　　　　　　　　　　　　8

30. Plaintiffs incorporate all other paragraphs by reference here fully. As a direct and proximate result of the Defendants' negligence and gross negligence described above, Almarn James Downes. sustained fatal injuries and damages, for which his family seeks recovery through his mother, Plaintiff Karina F. James. These expenses include but are not limited to:

   a. Funeral costs

   b. Physical pain and suffering in the past and that will, in all reasonable probability, be suffered in the future;

   c. Physical impairment in the past and that will, in all reasonable probability, be suffered in the future;

   d. Mental anguish in the past and that will, in all reasonable probability, be suffered in the future;

   e. Loss of earnings and/or earning capacity in the past and that will, in all probability, be incurred in the future;

   f. Disfigurement in the past and future;

   g. Cost of medical monitoring and prevention in the future;

   h. Exemplary damages;

   i. Prejudgment and post-judgment interest at the maximum rate allowed by law; and

   j. Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VII.

### DAMAGES FOR PLAINTIFF, KARINA F. JAMES, INDIVIDUALLY, AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED

31. Plaintiff seeks the following damages:

- Economic damages, including loss of earning capacity and financial support;

- Non-economic damages, including mental anguish, pain and suffering, and loss of companionship;

- Punitive damages for Defendants' gross negligence.

- Exemplary damages;

- Prejudgment and post-judgment interest at the maximum rate allowed by law; and

- Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VIII.

### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

32. Plaintiffs prefer that the jury determine the fair amount of compensation for Plaintiffs' damages. It is too early in this case to assess the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs state that monetary relief of $10,000,000, or over.

## IX.

### RULE 193.7 NOTICE

33. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that Plaintiffs intend to use all discovery instruments produced in this case at trial. Such discovery documents include, but are not limited to, all documents Defendants have produced in response to Plaintiffs' written discovery requests.

## XI.

### DEMAND TO PRESERVE EVIDENCE AND RETURN ALMARN DOWNES BELONGINGS

34. Plaintiffs hereby request and demand that Defendants and their agents, attorneys, and insurers preserve, maintain, and place a litigation hold on all documents, communications, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit.

35. Further, Plaintiffs demand that Defendants place a litigation hold on the subject premises and all cameras and other electronic recording devices at the premises and to not clean, repair, alter, change, or otherwise modify the premises.

36. Plaintiffs request the court to assist in returning all belongings reasonably identifiable to be owned and possessed by the Plaintiffs deceased, Almarn James Downes, which may include jewelry, clothing, etc.

## XII.

## DUTY TO DISCLOSE

37. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs hereby provide notice that Defendants are obligated to timely produce the information and material described in Rule 194. Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2, including the full name, contact information, and address of the Airbnb host and production of all applicable insurance policies covering the property for wrongful death claims.

## XVI.

## DEMAND FOR JURY TRIAL

38. Plaintiffs hereby demand a jury trial on this matter and tender the appropriate jury fee.

## XVII.

## PRAYER

1. Actual damages above the jurisdictional minimum of the Court, further outlined above;

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**  11

2. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. All costs of court;

4. Exemplary damages; *and*

5. All other relief to which Plaintiffs are justly entitled.


Respectfully submitted,

                        **THE LAW FIRM OF**
                        **OSAYUKI OGBEIDE**

BY: /s/ *Osayuki M. Ogbeide*
Osayuki M. Ogbeide
State Bar No.: 24121175
UNITAT LLC
1401 Lavaca St., # 1214. Austin, Texas 78701
Tel. (512) 661-1228
Osayuki.ogbeidelawfirm@unitatllc.com
ATTORNEYS FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                        12