IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KARINA F. JAMES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED, § § § § § § § *Plaintiff*, § § v. § § AIRBNB, INC., AIRBNB PAYMENTS, INC., AND MARTINE § § § *Defendant.* § § § | NO. 4:24-cv-3841 |

## DEFENDANTS AIRBNB, INC. AND AIRBNB PAYMENTS, INC.'S MOTION TO DISMISS FOR FAILURE TO SERVE PURSUANT TO FED. R. CIV. P. 4(M)

Plaintiff Karina F. James, individually and as personal representative of the Estate of Almarn James Downes ("Decedent"), has failed to serve Defendants Airbnb, Inc. and Airbnb Payments, Inc. (collectively, "the Airbnb Defendants") despite having filed the lawsuit more than 149 days ago. Accordingly, the Airbnb Defendants move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 4(m).

### I. FACTUAL BACKGROUND

1. On October 1, 2024, Plaintiff initiated this lawsuit by filing her Original Petition and Jury Demand (the "Original Petition") in the 55th Judicial District Court of Harris County, Texas, bearing Cause No. 2024-67530, against the Airbnb Defendants and an individual named "Martine," who is the alleged "owner/host" of a property located at 3411 Bremond Street, Houston, TX 77004 (the "Property"). *See* Dkt. 1-1 (Original Petition).

2. The Original Petition alleged that the Decedent was shot and killed at the Property on May 27, 2024, and that he had booked the Property using Airbnb's online platform. *See* Dkt. 1-1 at ¶ 14.

3. The Airbnb Defendants removed the lawsuit to this Court on October 9, 2024, because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. *See* Dkt. 1 (Notice of Removal).

4. Plaintiff did not request the issuance of service prior to removal and did not otherwise serve the Original Petition on the Airbnb Defendants. *See* Ex. A (State Court Docket Sheet).

5. On October 11, 2024, the Court entered an Order for Conference and Disclosure of Interested Parties (the "October 11 Order"). Dkt. 5. The October 11 Order stated at ¶ 5 that: "Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative." *Id.*

6. Since the case was removed to this Court on October 9, 2024, Plaintiff has not requested the issuance of a summons or otherwise served the Airbnb Defendants. *See* Ex. B (Federal Docket Sheet).

7. The Airbnb Defendants have not accepted or waived service.[1]

8. Despite never having served the Airbnb Defendants, Plaintiff filed a First Amended Complaint in this Court on February 20, 2025. Dkt. 12.

---

[1] The Airbnb Defendants' appearance at the January 23, 2025, initial pretrial and scheduling conference did not constitute a general appearance or waive the requirement for service. *See e.g. Flock v. Scripto-Tokai Corp.*, 2001 U.S. Dist. LEXIS 23881, at *6-13 (S.D. Tex. June 26, 2001) report and recommendation adopted, 2001 U.S. Dist. LEXIS 23880, (S.D. Tex. July 23, 2001) (holding unserved defendants' participation in a scheduling conference and filing of a motion for admission pro hac vice did not waive service of process).

9. More than 149 days have elapsed since Plaintiff filed the Original Petition and more than 141 days have elapsed since removal, but Plaintiff has not served the Airbnb Defendants.

## II. LEGAL STANDARD

10. A federal court cannot exercise personal jurisdiction over a defendant until the procedural requirement of service of summons has been satisfied. *See, e.g., Murphy Bros., Inc. v Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); (citing *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). It is well-established that a "defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)); *see also Omni Capital*, 484 U.S. at 104 ("Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum."); *Murphy Bros.*, 526 U.S. at 350 (a defendant "becomes a party officially, and is required to take action in that capacity, only upon service of a summons.").

11. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must dismiss* the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added).[2] If the plaintiff shows "good cause for the failure," however, the court must extend the time for service for an appropriate period. *Id.*

12. "A failure to comply with Rule 4(m)'s time requirement authorizes a district court to dismiss an action without prejudice, except upon a showing of good cause." *Lozano v. Bosdet*,

---

[2] Although not stated in the rule, some authorities hold that Rule 4(m)'s service deadline runs from the date of the removal, but this is immaterial here as well over 90 days have passed from both the filing date of the Original Petition and removal. *See Hunt v. Smith*, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999) (citing *Hickman v. U.G. Lively*, 897 F. Supp. 955, 958 (S.D. Tex. 1995)).

693 F.3d 485, 487 (5th Cir. 2012). When service of process is challenged, the serving party has the burden of showing valid service or good cause for failure to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (internal citations omitted).

13. "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.*

14. "A defendant's removal to federal court does not waive its right to object to service of process." *Wheatfall v. HEB Grocery Co., LP*, No. 4:23-cv-01961, 2024 U.S. Dist. LEXIS 77265, at *5 n.1 (S.D. Tex. Apr. 29, 2024) report and recommendation adopted 2024 U.S. Dist. LEXIS 86531 (S.D. Tex. May 14, 2024) (Hanks, J.) (dismissing claims against unserved removing defendant for failure to timely serve) (citing *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005); *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409, 49 S. Ct. 360, 73 L. Ed. 762 (1929)).

15. The "filing of an amended complaint does not restart the clock with respect to the time allowed for timely service under Rule 4(m)" with respect to parties named in the original complaint. *Bustinza v. Perez*, 2013 U.S. Dist. LEXIS 204538, at *27 (S.D. Tex. 2013) (citing *Fox v. United States*, 2012 WL 639915, at *1-2 (S.D. Miss., Feb., 27, 2012); *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006) ("[T]he [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint ... Accordingly, we read 'service ... upon a defendant within 120 days after

the filing of the complaint,' Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served."); *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004); 4B Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1137, at 377 (3d ed.2002); 1 James Wm. Moore et al., Moore's Fed. Practice § 4.80 (3d ed. 1997)); *see also Magee v. Bank of N.Y. Mellon Corp.*2023 U.S. Dist. LEXIS 233266, at *2 (S.D. Miss. 2023)(same).

### III.   ARGUMENT

16.   This motion to dismiss presents a straightforward application of Rule 4(m): Plaintiff has not served the Airbnb Defendants despite having filed her lawsuit more than 149 days ago, nor has she requested a summons. This failure well exceeds the mandatory 90-day deadline, yet Plaintiff has never even attempted service.

17.   There is no good cause justifying Plaintiff's failure to comply with this fundamental requirement to serve the parties she is suing. Plaintiff identified how the Airbnb Defendants may be served in the Original Petition (Dkt 1-1 at ¶¶ 3, 5), but has since taken no steps to effectuate service.

18.   The Airbnb Defendants' October 9, 2024, removal to this Court did not negate Plaintiff's responsibility to timely serve them. *Wheatfall*, 2024 U.S. Dist. LEXIS 77265, at *5 n.1; *City of Clarksdale*, 428 F.3d at 214 n.15. Nor did Plaintiff's filing of the Amended Complaint restart the clock or absolve Plaintiff of her obligation to serve the Airbnb Defendants within 90 days of filing the original complaint, as required by the Federal Rules. *Bustinza*, 2013 U.S. Dist. LEXIS 204538, at *27; *Bolden*, 441 F.3d at 1148-49.

### IV.   CONCLUSION

For the foregoing reasons, the Airbnb Defendants respectfully request that the Court dismiss the First Amended Complaint against the Airbnb Defendants pursuant to Rule 4(m).

Dated: February 27, 2025

Respectfully submitted,

**O'MELVENY & MYERS LLP**

By: /s/ *John V. Anaipakos*
John V. Anaipakos, *Attorney-in-charge*
TX Bar No. 00786976
Fed. No. 17762
janaipakos@omm.com
Mason W. Malpass
Tex. Bar. No. 24109502
Fed. No. 3341582
mmalpass@omm.com
700 Louisiana Street, Suite 2900
Houston, Texas 77002-2796
Telephone: +1 832 254 1500
Facsimile: +1 832 254 1501

*Attorneys for Defendants*
*Airbnb, Inc. and Airbnb Payments, Inc.*

### Certificate of Conference

I hereby certify that on February 25, 26, and 27 I conferred with counsel for Plaintiff, Osayuki Ogbeide, via email regarding the motion. Plaintiff's counsel indicated that Plaintiff was opposed to the requested relief.

By: /s/ *Mason W. Malpass*
Mason W. Malpass

### Certificate of Service

I hereby certify that on February 27, 2025, I caused a copy of the foregoing document to be served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case.

/s/ *Mason W. Malpass*
Mason W. Malpass