United States Courts
Southern District of Texas
F I L E D

MAR 0 6 2025

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KARINA F. JAMES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED, | § § § § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 4:24-cv-03841 |
| AIRBNB, INC., AIRBNB PAYMENTS, INC., AND MARTINE, | § § § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Karina F. James, Individually and as Personal Representative of the Estate of Almarn James Downes, Deceased (hereinafter "Plaintiff"), and files this Motion to Deny Defendants' Motion to Dismiss for Failure to Serve and requests an extension of time to effectuate service. Plaintiff further opposes any attempt by Defendants to compel arbitration due to the lack of contractual privity between the parties and the necessity of discovery in this matter. In support, Plaintiff states as follows:

### I.   INTRODUCTION

1.     Defendants Airbnb, Inc. and Airbnb Payments, Inc. (collectively, "Airbnb Defendants") seek dismissal under **Federal Rule of Civil Procedure 4(m)** for failure to serve them within 90 days. However, Defendants' own conduct—including their **removal of this case to federal court on October 9, 2024,** active participation in litigation proceedings, and attendance at the January 23, 2025 pretrial conference—demonstrates clear **notice and awareness of this lawsuit,** negating any alleged prejudice due to delayed service.

2.     Plaintiff further requests an extension of time to serve Defendants pursuant to **Rule 4(m),** which grants the Court discretion to extend service deadlines where appropriate.

3.     Additionally, Plaintiff opposes any attempt to compel arbitration, as there is **no contractual privity**

between Plaintiff and Airbnb Defendants. Further, discovery is essential to determine Defendants' liability for **negligence and wrongful death** in a high-crime area where the decedent was murdered at an Airbnb rental property.

## II.    DEFENDANTS HAVE WAIVED ANY SERVICE OBJECTION THROUGH ACTIVE LITIGATION PARTICIPATION

4.    **Defendants removed this case on October 9, 2024**, signifying their acknowledgment and acceptance of federal jurisdiction. *See Exhibit A: Notice of Removal.*

5.    **Active participation in litigation may waive service objections** under *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 539 (D. Md. 2007). Defendants have engaged in litigation by:

1. Filing motions,
2. Attending the January 23, 2025 pretrial conference, and
3. Communicating with Plaintiff regarding procedural matters.

6.    Courts disfavor dismissal when a defendant had **actual notice** and suffered **no prejudice** from service delays. Here, Defendants have **long been aware of the lawsuit** and have suffered no harm due to the delay.

## III.    PLAINTIFF REQUESTS AN EXTENSION OF TIME TO SERVE DEFENDANTS

7.    **Under Rule 4(m),** courts have discretion to extend the time for service rather than dismiss a case outright. Given Defendants' awareness and involvement in litigation, an extension is appropriate.

8.    Plaintiff has acted diligently in prosecuting this case, and any delay in service does not warrant dismissal. The Court should allow Plaintiff a reasonable time to complete service.

## IV.    DEFENDANTS CANNOT COMPEL ARBITRATION DUE TO LACK OF CONTRACTUAL PRIVITY

9.    Defendants may seek to compel arbitration under Airbnb's Terms of Service. However, Plaintiff **was not a party** to any contract with Airbnb, and there is no evidence that the decedent agreed to an arbitration clause.

10.    A party **cannot be compelled to arbitration** without an enforceable arbitration agreement. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986).

11.    Additionally, this case requires **fact-intensive discovery**, including Airbnb's **security policies, crime awareness, and host communications,** which cannot be adequately addressed through arbitration. Courts have denied arbitration in cases involving wrongful death claims where significant discovery is needed.

## V.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Deny Defendants' Motion to Dismiss for Failure to Serve,** as Defendants had actual notice and actively participated in litigation;
2. **Grant Plaintiff an extension of time** to serve Defendants pursuant to Rule 4(m);

3. **Deny any motion to compel arbitration,** given the lack of contractual privity and need for discovery; and
4. Grant Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,

**THE LAW OFFICE OF OSAYUKI OGBEIDE**

By: /s/ Osayuki M. Ogbeide
Osayuki M. Ogbeide
State Bar No. 24121175
1401 Lavaca St. #1214
Austin, Texas 78701
(512) 661-1228
Email: omu@takeleadlaw.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 5th, 2025, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will serve all counsel of record.

**/s/ Osayuki M. Ogbeide**
Osayuki M. Ogbeide

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KARINA F. JAMES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED, | § § § § § § | |
| Plaintiff | § § | |
| v. | § § | NO. |
| AIRBNB, INC., AIRBNB PAYMENTS, INC., AND MARTINE, | § § § | |
| Defendants. | § | |

## DEFENDANTS AIRBNB, INC. AND AIRBNB PAYMENTS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Airbnb, Inc. ("Airbnb") and Airbnb Payments, Inc. ("Airbnb Payments") hereby give notice of removal of this action, captioned *James v. Airbnb, Inc., et al.*, Cause No. 2024-67530, from the 55th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Pursuant to 28 U.S.C. § 1446(a), Airbnb and Airbnb Payments provide the following statement of the grounds for removal:

### BACKGROUND

1.     On October 1, 2024 Plaintiff Karina F. James, individually and as a personal representative on behalf of the Estate of Almarn James Downes ("Plaintiff"), filed her Original Petition and Jury Demand ("Petition") in the 55th Judicial District Court of Harris County, Texas, bearing Cause No. 2024-67530, against Airbnb and Airbnb Payments.

2.     In compliance with 28 U.S.C. § 1446(a) and L.R. 81, a true and correct copy of the Petition, all process, pleadings, and orders served upon Airbnb and Airbnb Payments is attached hereto as **Exhibit 1**. A copy of the State Court docket is attached as **Exhibit 2** and the List of Counsel is attached as **Exhibit 3**.

3.     Airbnb and Airbnb Payments have not yet been served in this matter.

- 1 -

## VENUE AND JURISDICTION

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the 55th Judicial District Court of Harris County, Texas, where the Petition was filed, is a state court within the Houston Division of the Southern District of Texas.

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.      THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS.

6.      There is complete diversity of citizenship here because Plaintiff is a citizen of the United Kingdom, and Defendants are citizens of Delaware, California, and Texas. The diversity requirement is satisfied where, as here, an action "is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

### A.      Plaintiff Is a Citizen of the United Kingdom.

7.      For purposes of diversity jurisdiction, the personal representative of an estate has the same citizenship of the decedent. 28 U.S.C. § 1332(c)(2). Decedent Almarn James Downes was domiciled in and thus a citizen of the United Kingdom. Ex.1, Pet. ¶ 14. As the personal representative of Decedent's estate, Plaintiff is therefore a citizen of the United Kingdom.

8.      In her personal capacity, Plaintiff Karina F. James is domiciled in and therefore a citizen of the United Kingdom. *Id.* ¶ 2.

### B.      Defendants are Citizens of California, Delaware, and Texas.

9.      For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10.     Airbnb is a Delaware corporation with its principal place of business in California. **Exhibit 4**, Chauvet Decl. ¶ 2. Therefore, Airbnb is a citizen of California and Delaware.

11.     Airbnb Payments is a Delaware corporation with its principal place of business in

California. *Id.* ¶ 3. Therefore, Airbnb Payments is a citizen of California and Delaware.

12.     Upon information and belief, Defendant "Martine" is domiciled in and therefore a citizen of Texas. *See* Pet. ¶ 4 (alleging that Martine is "owner/host" of a property in Houston and "may be served at this location"), ¶ 17 (similar); Tex. R. Civ. Proc. 106, 107 (authorizing service by hand or via certified mail where defendant signs return receipt); *Volentine v. Bechtel, Inc.,* 209 F.3d 719 (5th Cir. 2000) ("unrebutted allegations of citizenship in a removal petition based on information and belief is sufficient to satisfy the removal statute").

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

13.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

14.     Plaintiff alleges that her son died in a shooting at Martine's property and "seeks monetary relief over $10 Million Dollars." Ex. 1, Pet. ¶¶ 7, 15.

15.     Plaintiff brings causes of action against all defendants for negligence, premises liability, gross negligence, and wrongful death. *Id.* ¶¶ 21-29. She seeks economic and non-economic compensatory damages, along with exemplary damages. *Id.* ¶¶ 30-32.

16.     "[I]t is facially apparent that [a] wrongful death claim satisfies the amount in controversy requirement." *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed. App'x 62, 67 (5th Cir. 2010).

## III.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A.     The Notice of Removal Is Timely.

17.     This Notice of Removal is timely filed. Airbnb and Airbnb Payments have not yet been served in this matter. *See* 28 U.S.C. § 1446(b)(1).

### B.     All Properly Joined and Served Defendants Consent to Removal.

18.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must

consent to removal.

19.     On information and belief, no other defendant in this action has been served with the Petition.

20.     By filing this Notice of Removal, Airbnb and Airbnb Payments do not waive any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Airbnb and Airbnb Payments request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

**C.      Notice of Removal**

21.     Pursuant to 28 U.S.C. § 1446(d), Airbnb and Airbnb Payments will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

<strong>CONCLUSION</strong>

WHEREFORE, Airbnb and Airbnb Payments hereby remove this action from the 55th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  October 9, 2024

Respectfully submitted,

*/s/ John V. Anaipakos*

John V. Anaipakos, *Attorney-in-charge*
TX Bar No. 00786976
Fed. No. 17762
janaipakos@omm.com
O'MELVENY & MYERS LLP
700 Louisiana Street, Suite 2900
Houston, Texas 77002-2796
Telephone:    +1 832 254 1500
Facsimile:    +1 832 254 1501

*Attorneys for Defendants*
*Airbnb, Inc. and Airbnb Payments, Inc.*

- 4 -

# Exhibit 1

10/1/2024 1:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 92629141
By: Monica Jackson
Filed: 10/1/2024 1:19 AM

# 2024-67530 / Court: 55

CAUSE NO. _____

| | | |
|---|---|---|
| KARINA F. JAMES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED, Plaintiff | § § § § § § § | IN THE JUDICIAL DISTRICT |
| v. | § § § § | DISTRICT COURT NO.____ |
| AIRBNB, INC., AIRBNB PAYMENTS, INC., AND MARTINE, Defendants | § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

   **COMES NOW,** Plaintiff **Karina F. James, Individually and as Personal Representative of the Estate of Almarn James Downes, Deceased** ("Plaintiff"), complaining of **Airbnb, Inc., Airbnb Payments, Inc., Airbnb LLC** (collectively, "Airbnb") and **Martine** ("Host") (together, "Defendants"), and files this Original Petition and Jury Demand, and respectfully shows the Court the following:

### I.

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, and hereby motion this Court to issue a discovery control plan tailored expeditiously, given the gravity of this case. *See* TEX. R. CIV. P. 190.4. Plaintiff, Karina F. James, who resides in London, United Kingdom brings this suit individually, and on behalf of the family of the deceased and she may be reached through the undersigned counsel at THE LAW OFFICE OF OSAYUKI OGBEIDE, UNITAT LLC.

<u>**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**</u>                                                          1

## II.

## PARTIES

2.      **Plaintiff Karina F. James** is the mother of Almarn James Downes, Deceased, and is an individual

residing at **88 Rabournemead Drive, UB5 6YI, London, United Kingdom.** Plaintiff brings this suit

individually and as the personal representative of the Estate of Almarn James Downes, Deceased.

3.      **Defendant Airbnb, Inc.** is a foreign corporation registered to do business in Texas and conducts a

substantial amount of business in Texas on a continuous and systematic basis. This defendant maintains

no registered agent in Texas and is a nonresident under the Texas long-arm statute. Therefore, the agent

for service of process on this defendant is the Texas Secretary of State. Per TEX. CIV. PRAC. & REM.

CODE § 17.044, this defendant may be served via the Texas Secretary of State, Service of Process,

Secretary of State, 1019 Brazos Street, Austin, TX 78701.

4.      **Defendant Martine** is an individual and owner/host of the Airbnb property located at **3411**

**Bremond Street, Houston, Texas 77004.** Defendant may be served at this location.

5.      **Defendant, Airbnb Payments, Inc.,** is a foreign corporation registered to do business in Texas and

conducting a substantial amount of business in Texas on a continuous and systematic basis. This

defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-

Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. *Plaintiffs*

*request a citation.*

6.      Plaintiffs additionally assert all rights and request all relief under Texas Rule of Civil Procedure 28

and demand that this defendant answer in its true name, if it differs from that outlined above.

## III.

## JURISDICTION & VENUE

7.      Plaintiff seeks monetary relief over $10 Million Dollars (**$10,000,000.00**). This Court has

jurisdiction of the subject matter of this action, and the amount in controversy is above its minimum

jurisdictional limits. All other jurisdictional prerequisites and conditions precedent to suit have been met.

    a.    The wrongful death occurred in **Houston, Harris County**, Texas, so the venue is appropriate in **Harris County District Court**.

8.    This Court has personal jurisdiction over Defendant(s) because all or a substantial part of the events giving rise to this dispute occurred in the State of Texas, and this lawsuit arises out of a tort Defendant(s) committed in the State of Texas. This Court otherwise has personal jurisdiction over Defendant(s) because they are citizens of Texas, conduct a substantial amount of business in the State of Texas, and/or have continuous, systematic contacts with the State of Texas.

9.    Texas courts can exercise **personal jurisdiction** over Airbnb and its affiliates since they conduct significant business in Texas and the alleged wrongful death occurred within the state.

10.    Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 because Harris County is where a substantial part of the events giving rise to this suit occurred Further, Harris County is a convenient forum and venue to Defendant(s), maintaining this litigation in this forum would not work a substantial injustice on Defendant(s), and the interests of justice dictate that this litigation be maintained in this forum and venue.

    b.    This case cannot be removed to federal court because no federal question exists, and diversity does not exist between the parties. *See* 28 U.S.C. § 1441.

## IV.

## FACTUAL BACKGROUND

11.    This is tragic case that arises from Defendants' gross negligence and decision to value profits over human life—which caused the death of Almarn James Downes and made it extremely difficult to conduct a viable criminal investigation.

12.     Defendants, Airbnb, Inc. and Airbnb Payments, Inc. ("Airbnb Defendants"), are for-profit corporations in the business of facilitating, overseeing, managing, and profiting from rentals of properties between owners (known as "hosts") and renters. On information and belief, at all relevant times, these Defendants were engaged in a joint enterprise under all applicable law.

13.     The Airbnb Defendants provide and use a digital "platform" to connect the hosts and renters via a smart device app and a website. Hosts pay Airbnb money to list rental properties on the platform and further pay other transactional costs associated with actual rentals. This includes, but is not limited to, insurance coverage payments ($1 million liability coverage) and access to a "24-hour safety line" designed to provide "top-to-bottom protection for Hosts." The Airbnb Defendants further promulgate strict rules and regulations governing the rental properties, including those that relate to safety.

14.     **Almarn James Downes**, born May 3, 1997, a 27-year-old British citizen, traveled to Houston, Texas, in May 2024 for a vacation and to explore his relocation plans. He rented an Airbnb property located at **3411 Bremond Street, Houston, Texas 77004 (location of incident)**, owned by Defendant **Martine** and listed on the Airbnb platform. The Airbnb renter may have been listed as a different name, however, at all times, Mr. Downes contributed to the rental costs or was specifically invited to the Airbnb property to congregate with his peers to pursue their vacation plans.

15.     On **May 27, 2024**, at approximately **4:35 AM**, Almarn James Downes was brutally shot and killed at the Airbnb property during an attempted burglary according to investigative reports. The Houston Police Department Homicide Division, led by **Detective Sergeant M. Arrington ("Detective")**, confirmed the death of Almarn James Downes. The Detective confirmed the lack of security measures led to Almarn's demise. The Airbnb Host failed to use the "24-hour safety line" to mitigate the risk of harm or aid in the criminal investigation.

16.     At the time of the shooting, there were approximately 25 individuals present at the Airbnb property (location of incident), in violation of Houston's occupancy limits and Airbnb's policies against large

gatherings and events. The property is located in a high-crime area known for frequent burglaries and violent crime.

17.     The Host "Martine", represents to the public at large their experience and expertise in the property rental business, stating they own and operate the property located at 3411 Bremond Street in Houston, Texas 77004[1].

18.     Plaintiff was an invitee to the Airbnb property, which was publicly listed for rental on the Airbnb platform. At all relevant times, and pleading additionally and alternatively, the Airbnb Defendants were acting as agents of the Host "Martine" for the management, maintenance, care, representations, rental, advertisement, and health and safety of the subject residential property transacted for short-term rental property services.

19.     At all relevant times, and pleading additionally and alternatively, the Host Defendants' actions lacked such ordinary care as to the plaintiff

20.     Plaintiffs incorporate all other paragraphs by reference here fully.

i.     Plaintiffs would show that Defendants, Airbnb, Inc., **Airbnb LLC,** and/or Airbnb Payments, Inc. (the "Airbnb Defendants") had ownership and/or control over the premises, instrumentality, and/or activity in question and thus had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm under circumstances similar to those described herein.

ii.     The property failed to meet basic safety standards. The front security camera was defective, the lighting was inadequate, and the fence surrounding the property was easily scalable, allowing intruders to enter and ultimately inflict serious, if not fatal harm onto the renters and visitors present at the Airbnb Property.

iii.     Defendants **Airbnb and Host "Martine"** failed to provide adequate security measures, violating Houston's safety regulations and Airbnb's internal safety guidelines. These failures directly and

---

[1] https://www.airbnb.co.uk/rooms/1130494356711776911?check_out=2024-07-

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                     5

proximately caused the death of Almarn James Downes. Leaving the family of the deceased helpless upon receiving notice of this tragic incident.

iv.     As a result of defendants' reckless decision to maximize profits by foregoing basic safety practices, the family of Almarn, in particular Almarn's mother had to endure the unimaginable pain of losing her son, while he was in a foreign jurisdiction, making communication, access to information, and compensation for the family extremely difficult. Plaintiffs have been damaged far in excess of the jurisdictional minimum of this Court, for which they now sue.

## V.

## CAUSES OF ACTION

**NEGLIGENCE**

21.     Defendants owed a duty of care to provide a safe and secure environment for paying guests, invited guests and/or any reasonably foreseeable visitor, including Almarn James Downes that could have been present at the Airbnb Property location in question. Defendants breached that duty by failing to:

- Install and maintain functional security cameras;

- Provide adequate lighting;

- Install and secure, anti-climb fence;

- Enforce Airbnb's safety guidelines for properties in high-crime areas.

    a.  Defendants knew or should have known about the high-crime rate in the area, specifically for Burglaries and the foreseeable risk of harm to guests. Their failure to take reasonable safety precautions constitutes negligence, directly causing Almarn James Downes' wrongful death.

**PREMISES LIABILITY**

22.     Defendants had control over the condition of the premises and failed to make the property safe for invitees like Almarn James Downes. This failure resulted in an unsafe environment that led to his death.

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                      6

23.     Under **Texas premises liability law,** property owners must take reasonable precautions to protect invitees from foreseeable harm, especially in high-crime areas.

24.     Plaintiff(s) would show that their injuries and damages were proximately caused by the breaches of those duties by Defendants, which include, but are not limited to, the following acts and/or omissions: Failing to adequately warn of, or fix and correct, unreasonably dangerous conditions of which Defendants had actual or constructive knowledge thereof;

    a.     Failing to recognize and remediate hazards associated with safe maintenance, use of property;

    b.     Undertaking and assuming a duty to make safe dangerous conditions on the premises, and failing to use reasonable care in doing so;

    c.     Undertaking and assuming a duty to develop, implement, and enforce effective polices and procedures for safety at the premises, and failing to use reasonable care in doing so, to the detrimental reliance of Plaintiff and others;

    d.     Creating a dangerous condition and failing to prevent injury or fatal injury to others, where it reasonably appeared or should have appeared to Defendant that Plaintiffs, in exercise of their lawful rights, were likely to have been injured by creation of such dangerous situation, and failing to correct, make safe, or adequately warn about this condition;

    e.     Violating industry standards and best practices for safety measures, property maintenance, and short-term rental property operation;

    f.     Failing to properly hire, train, supervise, monitor and retain its employees, contractors, and agents;

    g.     Failing to act as an ordinarily prudent person would under the same or similar circumstances;

    h.     Such other and additional acts and omissions of negligence and gross negligence as revealed in discovery of this case.

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                        7

25.     Plaintiffs further assert the doctrine of *res ipsa loquitur*.

26.     Plaintiffs further allege that the acts or omissions described above, when viewed from Defendants'
standpoint, involved an extreme degree of risk considering the probability and magnitude of the
potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of this risk but
proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs and others.

**GROSS NEGLIGENCE**

27.     Plaintiffs would further show that the fatal injuries and damages that Plaintiffs sustained as a result
of the incident in question were caused by the gross negligence of Defendants acting by and through
their employees, agents, officers and representatives in the course and scope of their employment for
said Defendants. Plaintiffs would further show that Defendants ratified and failed to repudiate their
agents' gross negligence.

28.     Defendants' actions and omissions demonstrate a conscious disregard for the safety of guests. The
lack of adequate security in a known high-crime area, combined with defective safety measures,
constitutes gross negligence. Defendants' grossly negligent actions warrant the imposition of punitive
damages under **Chapter 41 of the Texas Civil Practice & Remedies Code.**

     i.      As such, Defendants are grossly negligent and should be subjected to exemplary damages.

     ii.     Plaintiffs incorporate all other paragraphs by reference here fully.

**WRONGFUL DEATH**

29.     Under **Chapter 71 of the Texas Civil Practice & Remedies Code,** Plaintiff brings a wrongful
death action on behalf of herself and the Estate of Almarn James Downes. Plaintiff seeks compensation
for the mental anguish, loss of companionship, and emotional and financial support that the deceased
would have provided.

<u>**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**</u>                                                   8

30.     Plaintiffs incorporate all other paragraphs by reference here fully. As a direct and proximate result of the Defendants' negligence and gross negligence described above, Almarn James Downes. sustained fatal injuries and damages, for which his family seeks recovery through his mother, Plaintiff Karina F. James. These expenses include but are not limited to:

a.     Funeral costs

b.     Physical pain and suffering in the past and that will, in all reasonable probability, be suffered in the future;

c.     Physical impairment in the past and that will, in all reasonable probability, be suffered in the future;

d.     Mental anguish in the past and that will, in all reasonable probability, be suffered in the future;

e.     Loss of earnings and/or earning capacity in the past and that will, in all probability, be incurred in the future;

f.     Disfigurement in the past and future;

g.     Cost of medical monitoring and prevention in the future;

h.     Exemplary damages;

i.     Prejudgment and post-judgment interest at the maximum rate allowed by law; and

j.     Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VII.

### DAMAGES FOR PLAINTIFF, KARINA F. JAMES, INDIVIDUALLY,
### AND PERSONAL REPRESENTATIVE OF THE ESTATE
### OF ALMARN JAMES DOWNES, DECEASED

31.     Plaintiff seeks the following damages:

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                     9

- Economic damages, including loss of earning capacity and financial support;

- Non-economic damages, including mental anguish, pain and suffering, and loss of companionship;

- Punitive damages for Defendants' gross negligence.

- Exemplary damages;

- Prejudgment and post-judgment interest at the maximum rate allowed by law; and

- Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VIII.

### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

32.    Plaintiffs prefer that the jury determine the fair amount of compensation for Plaintiffs' damages. It is too early in this case to assess the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs state that monetary relief of $10,000,000, or over.

## IX.

### RULE 193.7 NOTICE

33.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that Plaintiffs intend to use all discovery instruments produced in this case at trial. Such discovery documents include, but are not limited to, all documents Defendants have produced in response to Plaintiffs' written discovery requests.

## XI.

### DEMAND TO PRESERVE EVIDENCE AND RETURN ALMARN DOWNES BELONGINGS

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND                                        10

34.     Plaintiffs hereby request and demand that Defendants and their agents, attorneys, and insurers preserve, maintain, and place a litigation hold on all documents, communications, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit.

35.     Further, Plaintiffs demand that Defendants place a litigation hold on the subject premises and all cameras and other electronic recording devices at the premises and to not clean, repair, alter, change, or otherwise modify the premises.

36.     Plaintiffs request the court to assist in returning all belongings reasonably identifiable to be owned and possessed by the Plaintiffs deceased, Almam James Downes, which may include jewelry, clothing, etc.

## XII.

### DUTY TO DISCLOSE

37.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs hereby provide notice that Defendants are obligated to timely produce the information and material described in Rule 194. Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2, including the full name, contact information, and address of the Airbnb host and production of all applicable insurance policies covering the property for wrongful death claims.

## XVI.

### DEMAND FOR JURY TRIAL

38.     Plaintiffs hereby demand a jury trial on this matter and tender the appropriate jury fee.

## XVII.

### PRAYER

1.   Actual damages above the jurisdictional minimum of the Court, further outlined above;

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**                                                    11

2.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;

3.  All costs of court;

4.  Exemplary damages; *and*

5.  All other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

THE LAW FIRM OF
OSAYUKI OGBEIDE


BY: */s/ Osayuki M. Ogbeide*
Osayuki M. Ogbeide
State Bar No.: 24121175
UNITAT LLC
1401 Lavaca St., # 1214. Austin,
Texas 78701
Tel. (512) 661-1228
Osayuki.ogbeidelawfirm@unitatllc.com
ATTORNEYS FOR PLAINTIFF

# Exhibit 2

**HCDistrictclerk.com**        JAMES, KARINA F (INDIVIDUALLY AND AS        10/8/2024
PERSONAL REPR vs. AIRBNB INC
Cause: 202467530        CDI: 7        Court: 055

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SERVICE
No Service found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| File Date | 10/1/2024 |
| Case (Cause) Location | |
| Case (Cause) Status | Active - Civil |
| Case (Cause) Type | PERSONAL INJ (NON-AUTO) |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| Court | 055th |
| Address | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:8329272650 |
| JudgeName | LATOSHA LEWIS PAYNE |
| Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| JAMES, KARINA F (INDIVIDUALLY AND AS PERSONAL REPR | PLAINTIFF - CIVIL | | OGBEIDE, OSAYUKI MICHAEL |
| AIRBNB INC | DEFENDANT - CIVIL | | |

Case 4:24-cv-03841    Document 1-2    Filed on 10/09/24 in TXSD    Page 3 of 3

| | | |
|---|---|---|
| ESTATE OF ALMARN JAMES DOWNES (DECEASED) | PLAINTIFF - CIVIL | OGBEIDE, OSAYUKI MICHAEL |
| | | |
| AIRBNB PAYMENTS INC | DEFENDANT - CIVIL | |
| MARTINE (AN INDIVIDUAL AND OWNER/HOST OF AIRBNB PROPERTY) | DEFENDANT - CIVIL | |

    3411 BREMOND STREET,, HOUSTON, TX 77004

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 10/1/2024 | ORIGINAL PETITION | | | 0 | | OGBEIDE, OSAYUKI MICHAEL | JAMES, KARINA F (INDIVIDUALLY AND AS PERSONAL REPR |
| 10/1/2024 | ORIGINAL PETITION | | | 0 | | OGBEIDE, OSAYUKI MICHAEL | ESTATE OF ALMARN JAMES DOWNES (DECEASED) |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 116747360 | Plaintiffs Original Petition and Jury Demand | | 10/01/2024 | 12 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KARINA F. JAMES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | NO. |
| AIRBNB, INC., AIRBNB PAYMENTS, INC., AND MARTINE, | § § § | |
| Defendants. | | |

**EXHIBIT 3**

**LIST OF ALL COUNSEL OF RECORD**

**ATTORNEYS FOR PLAINTIFF KARINA F. JAMES:**

> Osayuki M. Ogbeide
> State Bar No. 24121175
> 1401 Lavaca St., # 1214
> osayuki.ogbeidelawfirm@unitatllc.com
> Austin, Texas 78701
> Tel: 512.661.1228

**ATTORNEYS FOR DEFENDANTS AIRBNB AND AIRBNB PAYMENTS:**

> John V. Anaipakos
> State Bar No. 00786976
> Fed. No. 17762
> janaipakos@omm.com
> 700 Louisiana Street, Suite 2900
> Houston, Texas 77002-2796
> Telephone: 832.254.1500
> Facsimile: 832.254.1501

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KARINA F. JAMES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALMARN JAMES DOWNES, DECEASED, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | NO. |
| AIRBNB, INC., AIRBNB PAYMENTS, INC., AND MARTINE, | § § § | |
| Defendants. | § | |

**DECLARATION OF MONIQUE CHAUVET IN SUPPORT OF DEFENDANTS AIRBNB
INC.'S AND AIRBNB PAYMENTS, INC.'S NOTICE OF REMOVAL**

I, Monique Chauvet, hereby declare and state as follows:

1.      I am a Legal Investigations Manager at Airbnb, Inc. I submit this declaration in support of Defendants Airbnb, Inc. and Airbnb Payments, Inc.'s Notice of Removal. I have personal knowledge of the facts set forth below, and if called upon, I could and would testify to the truth thereof.

2.      Airbnb, Inc. is incorporated in the State of Delaware, and its principal place of business is San Francisco, California.

3.      Airbnb Payments, Inc. is incorporated in the State of Delaware, and its principal place of business is San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 8, 2024, at Portland, Oregon.

By: _____

Monique Chauvet

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KARINA F. JAMES

**DEFENDANTS**

AIRBNB INC.; AIRBNB PAYMENTS, INC.; MARTINE

**(b)** County of Residence of First Listed Plaintiff   London, United Kingdom
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Osayuki M. Ogbeide, Law Office of Osayuki Ogbeide, UNITAT LLC, 1401 Lavaca St., # 1214, Austin, Texas 78701; 512-661-1228

Attorneys *(If Known)*

John V. Anaipakos, O'Melveny & Myers LLP, 700 Louisiana St., Suite 2900, Houston, Texas, 77002-2796; 832-254-1500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |   |   |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 310 Airplane | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 490 Cable/Sat TV |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 891 Agricultural Acts |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 893 Environmental Matters |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | ☐ 895 Freedom of Information Act |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | ☐ 896 Arbitration |
| | | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

|   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Plaintiff (UK) brings tort claims against Defendants (CA, DE, TX) arising out of alleged personal injury and seeks to recover damages in excess of $75,000

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/09/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ John V. Anaipakos

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____